as precluding any demand for wages beyond its date, excepting on the new contract, made after that event. The freight supposed to be earned, establishes the claim for wages, at the rate of the original contract on the outward voyage. I award wages to the mariners at the same rate for the interval between the landing of the cargo and the condemnation, in accordance with a reasonable rule adopted by Judge Peters. Adm. Dec. 130. The seamen not having been discharged, and not being at liberty to leave the ship until her condemnation, without consent of the master, are entitled to compensation during that interval; and I consider the wages stipulated in the shipping paper to be, in this case, the proper measure of that compensation. The contract of 4th July, 1810, which was fairly entered into in reasonable conformity to the existing circumstances, must regulate the claim for wages on the homeward voyage. The subsistence and allowance afforded to the mariners between the condemnation and the new contract, are viewed as a satisfaction of their claims during that interval. On these principles and considerations, I decree the following sums, with costs, &c. to the libellants, &c.

NOTE. Mr. Story, for respondent, prayed an appeal, which was allowed. Afterwards in the circuit court, Judge Story, having been of counsel for the respondent, gave no opinion, but affirmed the decree pro forma. And an appeal was claimed to the supreme court of the U. S. and allowed; but it was not prosecuted.

RAND (UNITED STATES v.). See Case No. 16,116.

## Case No. 11,549.
### RAND v. WINSLOW.
[Cited in Winsor v. McLellan, Case No. 17,887. Nowhere reported; opinion not now accessible.]

## Case No. 11,550.
### Ex parte RANDALL et al.
[5 Law Rep. 115; 1 Pa. Law J. 133; 1 N. Y. Leg. Obs. 199.]

Circuit Court, E. D. Massachusetts. June, 1842.

BANKRUPTCY — VOLUNTARY PETITION — APPLICATION TO WITHDRAW.

1. A voluntary petition for a decree of bankruptcy may be withdrawn, and all further proceedings stayed, on the application of the petitioner, before the decree has been made, upon proper cause shown, and the payment of costs.
[Cited in brief in Dudley's Case, Case No. 4,114. Cited in Ex parte Harris, Id. 6,110.]

2. Whether a petition can be dismissed and further proceedings stayed, after a decree of bankruptcy, quære.

This was a petition in bankruptcy, by Benjamin Randall and Timothy Reed, of Boston, traders and copartners. The peti-

tion stated in substance, that on the second day of March, 1842, one of the petitioners, Randall, presented to the judge of the district court, a petition that the said Randall, and the aforesaid copartnership, might be declared bankrupt, and be entitled to the benefit of the bankrupt act; that Timothy Reed, the other petitioner, then being dangerously sick, was entirely ignorant of said proceedings, and did not join; that since the filing of the said petition, the petitioners had entered into a composition, compromise and settlement with all their joint and separate creditors, and were desirous of proceeding no farther under their aforesaid petition; to which course the creditors consented. Wherefore the petitioners prayed, that all proceedings under their aforesaid petition might be stayed, and that the same might be dismissed. Upon the hearing and proofs offered in the district court, it was ordered, "that the question whether upon the facts set forth in the said petition, the petitioners can and ought to be permitted to discontinue proceedings under their original petition and to withdraw the same, or what relief shall be granted, be adjourned into the circuit court of the United States for this district, to be heard and determined by the court."

The cause now came on for argument in the circuit court, and was submitted to the court by Rand & Fiske for petitioners; there being no opposition on the part of the creditors.

STORY, Circuit Justice. I have no doubt whatsoever in this case, that the prayer of the petitioners may and ought to be granted; and that all further proceedings should be stayed, and the petition dismissed, upon the payment of all the costs, hitherto incurred touching the same, and now remaining unpaid. The application is made before any decree has been passed in bankruptcy, declaring the petitioners, or either of them, to be bankrupts, and giving them the benefit of the act of congress. If the application had been made after such a decree, it might have involved other considerations; for the effect of such a decree would be to devest out of the bankrupt all his property and rights of property from that time, and to vest the same in the assignee in bankruptcy, immediately upon his appointment. I do not mean to say, that it might not even then be competent for the court, upon proper proceedings, upon application of all parties—the bankrupt, the assignee, and all the creditors—to direct a stay of all further proceedings. That is a point, which need not be considered upon the present occasion; for here the petition has been filed by the voluntary act of the petitioner, (Randall), and there has been no proceeding in invitum by any of the creditors; and no rights have as yet positively attached in their favor, which the court is bound to enforce in bankruptcy. It does not occur to my mind, therefore, that there is any sound